Honorable John G. Heimann Chairman Executive Advisory Committee on Insurance Industry Regulatory Reform
We have been asked whether the members of the Executive Advisory Commission on Insurance Industry Regulatory Reform (commission) or the members of the commission's professional staff are subject to sections 73 or 74 of the Public Officers Law.
The Governor established the commission by Executive Order No. 114, October 29, 1981. The commission is charged with evaluating the Insurance Law as it relates to investments, practices, and permitted operations of New York insurance companies; recommending changes in the law consistent with the public interest; and recommending appropriate legislation to achieve recommended changes. The commission was to submit an interim report by February 15, 1982, and a final report by May 1, 1982.
Sections 73 and 74 apply to officers and employees of State agencies and to members of the Legislature and legislative employees. "State agency" is defined as "any state department" or any "division, board, commission, or bureau of any state department" (§§ 73[1], 74[1]). The only department in which your commission could be placed is the Executive Department. (Executive Order No. 114 does not place the commission anywhere.) The Executive Department is one of the maximum of 20 civil departments permitted by the Constitution (Art V, § 2). The department consists of a number of agencies, many of which would be separate departments in the absence of the constitutional limitation. In essence, an agency created by the Governor by Executive Order would seem to be in the Executive Department unless placed by the Governor in another department. (We note that the Office of the Governor is known as the "Executive Chamber", and that it is considered an agency in the Executive Department. See "New York State Government Organization Charts", February, 1981, prepared by the Division of the Budget.)
We do not conclude, however, that because your commission is an agency in the Executive Department, it must follow that the commission is subject to sections 73 and 74 within the intent of that law. Nor do we think that if Executive Order No. 114 had used the term "advisory panel" instead of "commission", the question of statutory coverage would necessarily have been decided. The essence of the definition of State agency in terms of reasonable, therefore presumed, legislative intent is that it is designed to cover all agencies in the Executive Branch that possess executive power. (Sections 73 and 74 also cover the Legislative Branch. The Judicial Branch is not covered.)
We think that your commission is distinguishable from other agencies within the Executive Department by virtue of the absence of executive power. You have no responsibility with respect to the administration or policy of the Executive Branch. Your charge is limited to advising the Governor on initiatives that he might take in proposing changes in the Insurance Law. Indeed, if you have any "power" at all, it is quasi-legislative, not executive, for you are advising the Governor in his quasi-legislative capacity as a proposer of legislation. (Compare 1976 Op Atty Gen 8, where we advised the Counsel to the Governor that the members of the Law Revision Commission appointed by the Governor were not subject to sections 73 and 74: "The main purpose of the Law Revision Commission is legislative, i.e., to research the law and recommend reforms in the law to the Legislature.") This tenuous relationship with the Governor as Chief Executive of the State is not sufficient to make your commission an agency of the State within the intent of sections 73 and 74. We conclude that the members of your commission are not subject to sections 73 and 74.
We are advised that your commission will have two professional staff members, an Executive Director and an Executive Secretary. Each of them is to be engaged as a consultant under a contractual consultant agreement. Under this arrangement, they will be independent contractors and thus neither officers nor employees. Since only officers and employees are subject to sections 73 and 74, these professional staff members are not subject to the sections. (We express no opinion on the status of staff personnel, if any, who are employees of the State.)